No. 47,225

ADDIE MILES, *Appellant,* v. SCHWAN DISTRIBUTING COMPANY, INC., Barney Schwan, d/b/a Schwan Distributing Company, Allstate Insurance and Gary L. Olson, *Appellees.*

(522 P. 2d 435)

Opinion filed May 11, 1974.

*James S. Phillips,* of Wichita, argued the cause, and was on the brief for the appellant.

*Raymond L. Dahlberg,* of Turner, Chartered, of Great Bend, argued the cause, and *Lee Turner,* of the same firm, was with him on the brief for the appellees.

*Per Curiam:* This is an action to recover damages for personal injuries sustained by the plaintiff-appellant, Addie Miles, as the result of an automobile-truck collision which occurred on February 1, 1972, near the intersection of 21st and Piatt Street in Wichita. The evidence showed that the plaintiff heading north stopped her vehicle at a stop sign on Piatt Street, then proceeded to make a left turn in front of the truck of defendants-appellees being driven by Gary L. Olson in a westerly direction on 21st Street. The street was rain soaked and Olson was unable to stop the truck before it struck plaintiff's vehicle in the rear. The case was hotly contested and was submitted to the jury on the usual issues of negligence, contributory negligence and proximate cause. The jury returned a general verdict in favor of the defendants. The plaintiff Miles has appealed alleging trial errors.

At the outset it should be stated that there was abundant evidence to support the jury verdict in favor of the defendants. The case was essentially a fact case. On this appeal the plaintiff complains that the trial court erred in refusing to admit into evidence certain testimony of Officer Lathrom, a police traffic investigator. The excluded evidence concerned Officer Lathrom's answer to a hypothetical question as to how far the Olson truck would have traveled assuming that Olson had not applied his brakes prior to the impact. At that time the evidence was undisputed that Olson had applied his brakes and his truck had left 34 feet of skid marks on the pavement. The trial court sustained an objection to the

hypothetical question because the question assumed that Olson had not applied his brakes which assumption was contrary to the evidence in the case. Under the circumstances we do not find that the trial court committed error in refusing to admit the proffered testimony. The rule of this jurisdiction is that hypothetical questions put to an expert witness should be based upon only such facts as the evidence tends to prove, and if as to any material hypothesis, such question is without the support of the evidence, it should be excluded. (*Temple v. Continental Oil Co.*, 182 Kan. 213, 320 P. 2d 1039.) Since the undisputed evidence in this case clearly established that the defendant Olson did in fact apply his brakes, we find no error in the trial court's exclusion of the proffered testimony. We have examined the other points of claimed trial error which have been raised by plaintiff on this appeal and find them without merit. On the entire record we find that the case was well tried and submitted to the jury on competent evidence under proper instructions of the court. There is nothing in the record to show that plaintiff was not provided a fair trial. The jury by its verdict properly considered and determined the issues of fact submitted to it. The judgment is affirmed.